## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERI TUCKER, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:06cv307 (SRU) |
| | : | |
| JOURNAL REGISTER EAST, div of | : | |
| JOURNAL REGISTER CO., d/b/a NEW | : | |
| HAVEN REGISTER, | : | |
| Defendant. | | |

## RULING and ORDER

On July 23, 2008, a jury returned a plaintiff's verdict on all counts in this case, awarding

Teri Tucker $1 million in compensatory damages as well as $3 million in punitive damages.

Under Title VII of the Civil Rights Act of 1964, as well as the Connecticut Fair Employment

Practices Act[1] and Connecticut's "Free Speech Law,"[2] Tucker is also entitled to attorneys' fees

and costs.  Tucker has since filed a number of motions, including (1) "Motion for Prejudgment

Remedy" (**doc. #75**), (2) "Motion for Preliminary Injunction" (**doc. #77**), and (3) "Motion for

Disclosure of Assets" (**doc. #77**).  For the reasons that follow, Tucker's motion for prejudgment

remedy is GRANTED in the amount of $500,000; Tucker's motion for a preliminary injunction

is DENIED; and Tucker's motion for disclosure of assets is GRANTED.

## I.      Motion for Prejudgment Remedy

Tucker has moved for a prejudgment remedy in the amount of $3 million, pursuant to

Rule 64 of the Federal Rules of Civil Procedure, as well as section 52-278a *et seq.* of the

Connecticut General Statutes.  Under Connecticut's prejudgment remedy statute, a hearing is

---

[1] Conn. Gen. Stat. §§ 46a-60 *et seq.*

[2] Conn. Gen. Stat. § 31-51q.

available to determine whether (1) probable cause exists that judgment will enter in an amount greater than or equal to the amount sought, (2) whether payment of any judgment is adequately secured by insurance, (3) whether the property sought to be subjected to the prejudgment remedy is exempt from execution, and (4) whether, if the prejudgment remedy is granted, the plaintiff should be required to post a security bond to protect the defendant against potential damages flowing from the prejudgment remedy (or whether the defendant should be allowed to substitute a bond for the prejudgment remedy).  Conn. Gen. Stat. § 52-278c(g).

On February 17, 2009, during a phone conference, counsel for both parties indicated their consent to my deciding the prejudgment remedy question absent a hearing.  Based on the jury's verdict in Tucker's favor, I find that probable cause exists that judgment will enter for Tucker in an amount of $500,000.  Because (1) probable cause so exists, (2) during the aforementioned February 17, 2009 phone conference defense counsel indicated that payment of any judgment against the defendant is not adequately secured by insurance, and (3) defense counsel did not make any representations concerning whether any of the defendant's property is exempt from execution, I hold that Tucker has satisfied her burden to support a prejudgment remedy. Accordingly, prejudgment remedy in the amount of $500,000 shall enter against the defendant.[3]

_____

[3] As I indicated at oral argument on February 9, 2009, and without ruling on any of the parties' pending motions that are not the subject of this ruling and order, it appears that a sufficient evidentiary basis supports the jury's finding in this case with regard to liability.  With regard to damages, it is likely that Tucker will face the option of remittitur or a new trial.

The prejudgment remedy amount ordered here is subject to modification, if appropriate, at a later date.  Under Conn. Gen. Stat. § 52-278k, "[t]he court may . . . modify the prejudgment remedy requested as may be warranted by the circumstances.  The court may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy granted or issued under this chapter upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy . . . ."

Tucker is not required to post a security bond.  The defendant may, if it so chooses, satisfy the

prejudgment remedy and avoid disclosure of assets by posting a bond in the amount of $500,000.

## II.    Motion for Preliminary Injunction

Tucker has moved, under Rule 65 of the Federal Rules of Civil Procedure, for a

preliminary injunction, seeking to enjoin the defendant from "directly or indirectly selling,

transferring, encumbering or otherwise disposing of or alienating that portion of its assets

necessary to satisfy a final judgment in her favor."  Pl. Mem. in Support of Mot. Prejudgment

Remedy and Prelim. Inj. at 1.  To enjoin the defendant, Tucker must show (1) irreparable harm

and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going

to the merits as the make them a fair ground for litigation, and a balance of hardships tipping

"decidedly" or "sharply" in movant's favor.  *See, e.g., Zervos v. Verizon of N.Y. Inc.*, 252 F.3d

163, 172 (2d Cir. 2003) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234-35 (2d Cir. 1999)).

Here, Tucker has not satisfied the "irreparable harm" prong of the preliminary injunction

standard, only arguing that the defendant may not have funds available to satisfy the judgment in

this case.  Without more, a preliminary injunction is not appropriate.

## III.   Motion for Disclosure of Assets

Finally, Tucker has moved for disclosure of assets.  Under Conn. Gen. Stat. § 52-278n(a),

"[t]he court may, on motion of a party, order an appearing defendant to disclose property in

which he has an interest or debts owing to him sufficient to satisfy a prejudgment remedy.  The

existence, location and extent of the defendant's interest in such property or debts shall be

subject to disclosure. . . ."  The motion for prejudgment remedy has been granted.  Accordingly,

Tucker's motion for disclosure of assets is also GRANTED, and the defendant shall serve within

3

10 days a document indicating the existence, location and extent of its interest in property sufficient to satisfy a prejudgment remedy of $500,000.

**IV.      Conclusion**

For the reasons discussed above, Tucker's motion for prejudgment remedy (**doc. #75**) is GRANTED in the amount of $500,000, Tucker's motion for preliminary injunction (**doc. #77**) is DENIED, and Tucker's motion for disclosure of assets (**doc. #78**) is GRANTED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of February 2009.


_/s/_____
Stefan R. Underhill
United States District Judge

4